United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 05-20905
_____

JAMES EDWARD GUZMAN,

Plaintiff-Appellee,

versus

HAROLD R STOUDT, JR; ET AL

Defendants,

HAROLD R STOUDT, JR, Individual and Official Capacity Assistant Plant Manager Wynne
Computer Recovery; WILLIE R HILL, Individual and Official Capacity Zone 1 Supervisor Wynne
Unit Computer Recovery,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas
4:04-CV-1915

_____

Before GARZA, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    James Edward Guzman ("Guzman"), a prisoner acting *pro se*, brought a 42 U.S.C. § 1983

suit against prison guards Harold R. Stoudt, Jr. ("Stoudt"), Willie R. Hill ("Hill"), and James C. Davis

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("Davis"), alleging retaliation for the exercise of his rights under the First Amendment. Stoudt and Hill (collectively, "Appellants") file this interlocutory appeal challenging the district court's denial of their summary judgment motion, which was premised on qualified immunity.[1] Appellants argue that the district court should have granted summary judgment in their favor because Guzman failed to meet his burden under the first prong of the qualified immunity analysis.[2] Appellants do not dispute that the right to be free from retaliation is clearly established; instead, they argue that "[t]here is no legally sufficient evidentiary basis to support Guzman's claim that [Appellants] retaliated against him for exercising his First Amendment rights" and that Guzman "has not set forth evidence that satisfies each of the elements necessary to substantiate a retaliation claim."

We must first address our jurisdiction to hear this appeal. Although we ordinarily do not have jurisdiction to review a denial of a summary judgment, a district court's order denying qualified immunity is immediately appealable to the extent it turns on an issue of law. *Gobert v. Caldwell*, 463 F.3d 339, 344 (5th Cir. 2006); *Palmer v. Johnson*, 193 F.3d 346, 350 (5th Cir. 1999). A district court's decision to deny qualified immunity is not appealable, however, if it is "based on a claim regarding the sufficiency of the evidence." *Palmer*, 193 F.3d at 350-51. If, for example, the defendant argues that, contrary to the district court's determination, there is insufficient evidence in

---

[1] The district court dismissed without prejudice Guzman's claims against Davis for failure to exhaust his administrative remedies. Accordingly, Davis is not a party to this appeal.

[2] To determine whether an official is entitled to qualified immunity, courts engage in a two-part analysis. *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002) (en banc). First, the court asks whether the plaintiff has alleged a violation of a clearly established constitutional right. *Id.* at 322-23. If so, the court must then decide whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident. *Id.* at 323. A government official is entitled to qualified immunity if the plaintiff failed to state a constitutional claim or if the defendant's alleged conduct was objectively reasonable.

2

the record to support the plaintiff's version of the facts, we must dismiss the appeal for lack of jurisdiction. *See Kinney v. Weaver*, 367 F.3d 337, 347 (5th Cir. 2004) (en banc) ("[I]n an interlocutory appeal we cannot challenge the district court's assessments regarding the sufficiency of the evidence)) that is, the question [of] whether there is enough evidence in the record for a jury to conclude that certain facts are true."); *Palmer*, 193 F.3d at 351 ("[O]n this interlocutory appeal, we do not review . . . the district court's assessment of what facts are established by or inferable from the evidence."). Therefore, we have jurisdiction only to determine whether, viewing all of the facts in the light most favorable to Guzman, Appellants are entitled to qualified immunity as a matter of law; we do not have jurisdiction to determine whether the evidence is sufficient to support Guzman's version of the facts.

On appeal, Appellants do not argue that the district court "erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment." *Kinney*, 367 F.3d at 348. Nor do they argue that, even accepting Guzman's factual allegations as true, their conduct does not constitute retaliation and was objectively reasonable. *See Gobert*, 463 F.3d at 345. Nor do they argue that the district court improperly applied the summary judgment standard of Federal Rule of Civil Procedure 56 in analyzing their qualified immunity defense. Instead, their arguments are, in essence, that Guzman has not set forth sufficient evidence on each element of his retaliation claim; that certain of Guzman's factual allegations are not supported by and/or are contradicted by the summary judgment record; that the summary judgment record actually supports Appellants' version of the facts; and that, under Appellants' version of the facts, their conduct was objectively reasonable. In other words, the focus of Appellants' brief is on attacking the sufficiency of the evidence, an argument that we lack appellate

3

jurisdiction to consider. *See Kinney*, 367 F.3d at 348; *Palmer*, 193 F.3d at 351; *see also Behrens v. Pelletier*, 516 U.S. 299, 313, 116 S. Ct. 834, 842 (1999) ("[D]eterminations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified-immunity case; if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly 'separable' from the plaintiff's claim, and hence there is no 'final decision[.]'") (interpreting *Johnson v. Jones*, 515 U.S. 304, 313-18, 115 S. Ct. 2151, 2156-58 (1995)); *Mitchell v. Forsyth*, 472 U.S. 511, 528, 105 S. Ct. 2806, 2816 (1985) ("An appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim."). We therefore conclude that we do not have appellate jurisdiction over this appeal.

This interlocutory appeal is DISMISSED.